**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DR. JERALD THOMPSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. |
| v. | : | |
| | : | |
| ALLENTOWN SCHOOL DISTRICT, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff claims against the defendant is in excess of One Hundred Fifty Thousand ($150,000.00) Dollars in compensatory damages and punitive damages plus attorney fees, costs, and disbursements, upon a cause of action whereof the following is a statement:

**I.     PRELIMINARY STATEMENT**

1.     This is an action for an award of compensatory and punitive damages, declaratory and injunctive relief, attorney fees and other relief on behalf of plaintiff, Dr. Jerald Thompson, a former employee of defendant, Allentown School District, who has been harmed by defendant's illegal discriminatory actions.

2.     This action arises under Title VII of the Civil Rights Act of 1964 and 1991, as amended, ("Title VII"), 42 U.S.C. §2000(e), et seq., and the Pennsylvania Human Relations Acts, ("PHRA").  Jurisdiction over the Common Law and/or State Law claims exists pursuant to pendant and ancillary jurisdiction of this Court.

## II.    JURISDICTION AND VENUE

3.       The original jurisdiction of this Court is invoked, and venue is in this district,

pursuant to 28 U.S.C. §1331 and §1391, and the claim is substantively based on Title VII.

4.       The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C.

§1367, to consider plaintiff's claims arising under the PHRA and any State claims.

5.       All conditions precedent to the institution of this suit have been fulfilled. A copy of

the Equal Employment Opportunity Commission's ("EEOC") Notice of Right to Sue within Ninety

(90) Days letter is attached hereto an Exhibit "A"

6.       More that one (1) year has expired since plaintiff filed his Charge of Discrimination

with the "EEOC".

7.       Venue is proper in this District pursuant to 28 U.S.C. Section 1391 (b) in as much as

defendant maintains a principle place of business and regularly transacts business in this District.

## III.    PARTIES

8.       Plaintiff, Dr. Jerald Thompson, is an individual and citizen of the Commonwealth of

Pennsylvania and resides therein at 5120 Main Road West, Emmaus, Pennsylvania 18049-4936.

9.       Defendant, Allentown School District, (hereinafter "District") is a public entity under

the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 31 S.

Penn Street, Allentown, Pennsylvania 18105.

10.      At all times relevant hereto, defendant was acting through its agents, servants and

employees, who were acting within the scope of its authority, course of its employment and under

the direct control of defendant.

## IV.    STATEMENT OF CLAIMS

11.      In August of 2002, the plaintiff, Dr. Jerald Thompson, applied for and was

interviewed twice by defendant for the principal position at Union Terrace Elementary School.

12.     Dr. Thompson was not offered the principal position for which he applied at Union Terrace Elementary School. Dr. Thompson's credentials were equal to or better than the Caucasian individual selected to be principal. Instead Dr. Thompson was only offered a position as a fifth grade elementary school instructor at Union Terrace Elementary School for the 2002-2003 academic school year.

13.     Dr. Thompson accepted the fifth grade teacher position based on defendant's assertion that there would be "administrative opportunities" i.e. as principal or vice principal, in the future.

14.     While Dr. Thompson was employed as a 5th grade instructor at Union Terrace Elementary School, a position for principal became available at another elementary school in the "District".  In the fall of 2003, plaintiff interviewed for elementary principal position(s) at the Jackson, McKinley, and Cleveland Elementary Schools. All three of these schools were staffed by Interns, all of whom had less administrative experience than plaintiff.

15.     Dr. Thompson also applied for the position of principal at Jackson Elementary.

16.     Despite the appropriate credentials, Dr. Thompson was not afforded the promotion to principal at Jackson Elementary School.  Dr. Thompson's credentials were equal to or better than the Caucasian individual selected to be principal. The Caucasian woman selected was promoted from her position as "Intern".

17.     At the time plaintiff was denied this promotion, Dr. Karen S. Angello, Superintendent of "District", advised Dr. Thompson to apply for the District's "Intern Program" as a

predicate to acceptance for future openings as an administrator in the "District".

18.     Accordingly, Dr. Thompson applied to be an "Intern" with the "District". The "District" denied Dr. Thompson's request to be in the district's Intern Program.  Dr. Thompson was interviewed twice for the Intern position sometime in November and was denied because of his race.

19.     Dr. Thompson received a letter stating he was not chosen for the Intern position. The individual chosen for the Intern position was, in fact, less qualified than Dr. Thompson, a Caucasian female. Also, the Intern had less teaching experience than Dr. Thompson, at the time never taught at the elementary school level, and was not administrative certified.

20.      Subsequently, two additional principal positions became available in the "District". The position for principal at Union Terrace Elementary School was again vacant as was the principal position at Muhlenberg Elementary School.  Accordingly, Dr. Thompson applied and was selected for the several rounds of interviews.

21.     Once again, Dr. Thompson was not selected for the administrative positions despite his credentials being equal to or better than the Caucasian individuals selected.  Defendant was previously aware of Dr. Thompson's credentials prior to his interview.  He was denied the promotions because of his race.

22.     In response to his request for middle school administrative openings, Dr. C. Russell Mayo, Deputy Superintendent of "District" informed Dr. Thompson that he was not selected for interviews by the "District's" paper screening committee because his experience in the "District" was limited to elementary schools. However, Dr. Thompson's race was the real reason he was denied the promotion. Nonetheless, at the suggestion of defendant, Dr. Thompson attended board meetings, education committee meetings, middle school reform committees, and met with the

middle school principals to learn about middle school reform so that he would have "District" middle school knowledge and experience.  Dr. Thompson also suggested a "shadowing" program, which he would complete on his own time. He was denied this program by Mr. Ralph Todd, District Supervisor, who informed him that there was no such program available. However, the current Assistant Principal at Union Terrace School, Mrs. Terri Miller, a Caucasian female, was allowed to shadow David Hahn, principal of Union Terrace, in order to complete her administrative hours while employed as a teacher at Raub Middle School.

23.    Subsequently, Dr. Thompson participated in interviews for two different "District" middle school administrative positions. Once again, Dr. Thompson was not selected for either position, despite his credentials being equal to or better than the Caucasian individuals selected to the "District" administrative positions.

24.    Dr. Thompson had several interviews for the middle school assistant principal positions but, again, was not selected.    Dave Labowski (a male Caucasian) and Laura Kuhns (a female Caucasian)   were selected for the positions of Assistant Principals, allegedly because they both completed the "District" Intern Program. Dr. Thompson was denied eligibility for the "District" Intern Program "because he didn't need it", as he has already served as an Assistant Principal and as a Principal in a School District.

25.    Dr. Jerald Thompson, met and exceeded the job requirements of all of the above mentioned administrative positions he interviewed for within "District" between the years 2002 and 2005

26.    All the above administrative positions in which plaintiff interviewed had been filled by non-minority applicants who had less experience and education than plaintiff, Dr. Jerald Thompson.

27.     Upon information and belief defendant did not hire an African-American or minority in an administrative role during the time of Dr. Thompson's employment, despite defendants' Workforce Diversity Plan

28.     The only reason that plaintiff, Dr. Thompson, did not receive the administrative positions was that he is African American and that the selective candidates were Caucasian.

29.     During his employ with the "District", Dr. Thompson was treated differently than similar situate Caucasian candidates for promotions to administrative positions. He was treated different and disparagingly solely because of his race, African American.

30.     The Defendant failed to take any remedial action to placate Dr. Thompson's concerns or to cause the aforesaid discriminatory employment practices to cease and desist.

## COUNT I

### (Title VII – Race Discrimination)

### Plaintiff v. Defendant

31.     Plaintiff hereby incorporates by reference paragraphs 1 through 30 inclusive contained in the foregoing Complaint as though fully set forth herein.

32.     The actions of the defendant were done to promote defendant's general policy of race discrimination.

33.     Dr. Thompson avers that the defendant discriminated against him in the terms, conditions and privileges of his applications of employment by treating plaintiff in a disparate manner because of his race, thereby violating the provisions of Title VII.

34.     The defendant continued to engage in conduct described herein with malice and reckless indifference to plaintiff's federally protected rights.

35.     As a direct result of the unlawful discriminatory employment practices engaged in by

the defendant, in violation of Title VII of the Civil Rights act of 1964 and 1991, as amended, 42

U.S.C. §2000(e), et seq., and under the laws of the Commonwealth of Pennsylvania, the plaintiff has

sustained loss of earnings, severe emotional, physical and psychological distress, loss of self-esteem,

loss of future earning power, plus back pay, and interest due thereon.

36.     As a direct result of the unlawful and discriminatory employment practices engaged

in by defendant's violation of Title VII of the Civil Rights Act and State Law and/or Common Law,

Dr. Thompson will continue to suffer lost earnings, loss of future earning power, and severe

emotional distress.

## COUNT II

**(PHRA – Racial Discrimination; Hostile Work Environment; Constructive Termination)**

**Plaintiff v. Defendant**

37.     Plaintiff hereby incorporates by reference paragraphs 1 through 36 inclusive

contained in the foregoing Complaint as though fully set forth herein.

38.     The unlawful actions of defendant, acting as aforesaid, constitute a violation of the

PHRA.

39.     Based on the foregoing, defendant has engaged in unlawful practices in violation of

the laws of the Commonwealth of Pennsylvania, including PHRA, 43 P.S. § 951, et. seq.  The

unlawful practices for which defendant is liable to plaintiff, including, but not limited to, treating

plaintiff is a disparate manner because of his race, denying employment opportunities,

creating and fostering a hostile work environment and constructively discharging plaintiff from his

employment.

40.     As a direct result of defendant's willful and unlawful actions as aforesaid, in

violation of the PHRA, plaintiff has sustained severe emotional distress, a loss of earnings, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## PRAYER FOR RELIEF

41.     Plaintiff repeats the allegations of paragraphs 1 through 40 of this Complaint as if set forth herein at length.

**WHEREFORE**, plaintiff requests this Court to enter judgment in his favor and against defendant and order that:

(a)     Defendant compensate the plaintiff with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination.

(b)     Defendant compensate plaintiff with an award of front pay, if appropriate;

(c)     Defendant compensate plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(d)     Defendant pay to plaintiff compensatory damages for future pecuniary losses, pain and suffering, medical bills, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

(e)     Defendant pay to plaintiff punitive damages (under Title VII), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

(f)     Defendant pay such other relief as is deemed just and proper by the Court.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

RANDY H. KAPLAN LAW OFFICES


BY: ___/s/  Randy H. Kaplan
Randy H. Kaplan, Esquire
Randy H. Kaplan Law Offices
610 Old York Road, Suite 200
Attorney I.D. #: 36442
(215) 576-8870