IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. JERALD THOMPSON,<br>Plaintiff, | :<br>: | NO. 07-5247 |
| v. | : | |
| ALLENTOWN SCHOOL DISTRICT,<br>Defendant. | :<br>: | JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

## I. PRELIMINARY STATEMENT

1. Denied. Paragraph 1 contains legal conclusions to which no response is required. In the event a response is required, paragraph 1 is denied.

2. Denied. Paragraph 2 contains legal conclusions to which no response is required. In the event a response is required, paragraph 2 is denied.

## II. JURISDICTION AND VENUE

3. Admitted.

4. Denied. Paragraph 4 contains legal conclusions to which no response is required. In the event a response is required, it is specifically denied that this Court has jurisdiction over any pendant State claims.

5. Admitted.

6. Admitted.

7. Admitted in part and denied in part. It is admitted only that Venue is proper in this District. It is denied that Defendant Allentown School District ("ASD") "transacts business". On the contrary, the District is a public school entity.

## III. PARTIES

8. Admitted.

9. Admitted in part and denied in part. It is denied that ASD "maintains a place of business". On the contrary, ASD is a public school entity.

10. Denied. Paragraph 10 contains legal conclusions to which no response is required. In the event a response is required, paragraph 10 is denied.

## IV. STATEMENT OF CLAIMS

11. Admitted in part and denied in part. It is admitted that Plaintiff applied for and was interviewed twice by ASD for the principal position at Union Terrace Elementary School. It is denied that Plaintiff was applied for and interviewed for the position in August 2002. On the contrary, Plaintiff applied for the position in June 2002 and was subsequently interviewed in July 2002.

12. Admitted in part and denied in part. It is admitted that Plaintiff was not offered the position at Union Terrace Elementary School. It is specifically denied that Plaintiff's credentials were equal to or better than the individual selected to be principal. On the contrary, ASD selected the most qualified candidate for the position. It is admitted that Plaintiff was subsequently offered a position as a fifth grade elementary school instructor at Union Terrace Elementary for the 2002-2003 academic school year.

13. Admitted in part and denied in part. It is admitted that Plaintiff accepted the fifth grade teacher position. After reasonable investigation, Defendant is without knowledge and information sufficient to form a belief as to the remaining averments in paragraph 13; therefore, the same is denied and strict proof demanded at the time of trial.

14. Admitted in part and denied in part. It is admitted only that a position for principal became available at another elementary school while Plaintiff was employed as a 5th grade instructor at Union Terrace Elementary School. The remaining averments in paragraph 14 are denied

and strict proof demanded at the time of trial.

15. Admitted.

16. Denied. The averments in paragraph 16 are denied and strict proof demanded at the time of trial.

17. Denied.

18. Admitted in part and denied in part. It is admitted only that Plaintiff applied to be an intern at ASD. It is admitted that ASD denied Plaintiff's request to be an intern. It is admitted that Plaintiff was interviewed twice for the intern position. It is specifically denied he was not given an intern position because of his race.

19. Admitted in part and denied in part. It is admitted only that Plaintiff received a letter stating he was not chosen for the intern position. The remaining averments in paragraph 19 are denied.

20. Admitted in part and denied in part. It is admitted only that, subsequent to Plaintiff's interviews for the intern position, additional principal positions became available in the District. Defendant denies Plaintiff's characterizations of the positions available. To the extent that Plaintiff's alleges that there were position vacancies at Union Terrace Elementary and Muhlenberg Elementary School, paragraph 20 is denied. It is further denied that Plaintiff applied for and was selected for several rounds of interviews for any principal positions at Union Terrace or Muhlenberg Elementary Schools after his interviews for the intern position because no position vacancies at these schools existed at that time.

21. Denied.

22. Denied. On the contrary, Plaintiff applied for and was interviewed for a Middle School Principal and Assistant Middle School Principal position in June and July 2004. Further,

Plaintiff was selected as a semi-finalist for the Assistant Middle School Principal position. It is specifically denied that Plaintiff's race was the reason he was denied any promotion. It is specifically denied that ASD has any "shadowing" program. It is further denied that Terri Miller participated in any "shadowing" program. On the contrary, Miller had a clinical component that was part of a college requirement for a certificate program. By way of further answer, this clinical component had nothing to do with "shadowing" or "completing administrative hours while employed as a teacher at Raub Middle School". The remaining averments in paragraph 22 are denied.

23. Admitted in part and denied in part. It is admitted only that Plaintiff applied for and was interviewed for a Middle School Principal and Assistant Middle School Principal position in June and July 2004. Further, Plaintiff was selected as a semi-finalist for the Assistant Middle School Principal position. It is specifically denied that Plaintiff's credentials were equal or better than any Caucasian individuals selected. On the contrary, ASD picked the most qualified candidate for the positions.

24. Admitted in part and denied in part. It is admitted only that Plaintiff applied for and was interviewed for a Middle School Principal and Assistant Middle School Principal position in June and July 2004. Further, Plaintiff was selected as a semi-finalist for the Assistant Middle School Principal position. It is specifically denied that Dave Labowski was an intern and/or completed the ASD intern program. It is further denied that Laura Kuhns was selected for the position of Assistant Principal solely on the basis that she completed the ASD intern program. On the contrary, she was most qualified candidate for the position.

25. Denied.

26. Denied. It is specifically denied that all of the administrative positions for which Plaintiff interviewed were filled by non-minority applicants. On the contrary, Sherrell Mickens, Michael Rodriquez, Nicholas Perez and Aida Cardona are all minority candidates chosen to fill administrative positions. The aforesaid candidates were chosen by ASD as the best qualified candidates for the positions. It is specifically denied that any of the candidates chosen for the administrative positions sought by Plaintiff had less experience and education. On the contrary, the candidates chosen were the best qualified candidates for the positions.

27. Denied. On the contrary, Sherrell Mickens, Bradley Carter, Michael Rodriquez, Nicholas Perez and Aida Cardona are all minority candidates chosen to fill administrative positions during the time of Plaintiff's employment. The aforesaid candidates were chosen by ASD as the best qualified candidates for the positions.

28. Denied. It is specifically denied that Plaintiff did not receive the administrative positions because he is African American. It is further denied that the selective candidates were all Caucasian. On the contrary, Sherrell Mickens, Bradley Carter, Michael Rodriquez, Nicholas Perez and Aida Cardona are all minority candidates chosen to fill administrative positions during the time of Plaintiff's employment. The aforesaid candidates were chosen by ASD as the best qualified candidates for the positions.

29. Denied.

30. Denied. It is specifically denied that any discriminatory employment practices existed. It is further denied that any "remedial action" was needed. The remaining averments in paragraph 30 are denied.

**COUNT I**
**Title VII - Race Discrimination**
**Plaintiff v. Defendant**

31. Defendant incorporates by reference its answer to paragraphs 1 through 30, inclusive, as fully as though the same were set forth herein at length.

32. Denied. It is specifically denied that Defendant has any policy of race discrimination. It is further denied that any action of Defendant constitute race discrimination.

33. Denied. Paragraph 33 contains legal conclusions to which no response is required. In the event a response is required, paragraph 33 is denied.

34. Denied. Paragraph 34 contains legal conclusions to which no response is required. In the event a response is required, paragraph 34 is denied.

35. Denied. Paragraph 35 contains legal conclusions to which no response is required. In the event a response is required, paragraph 35 is denied.

36. Denied. Paragraph 36 contains legal conclusions to which no response is required. In the event a response is required, paragraph 36 is denied.

WHEREFORE, Defendant Allentown School District respectfully requests judgment in its favor and against the Plaintiff.

**COUNT II**
**PHRA - RACIAL DISCRIMINATION; HOSTILE WORK ENVIRONMENT; CONSTRUCTIVE TERMINATION**

37. Defendant incorporates by reference its answer to paragraphs 1 through 36, inclusive, as fully as though the same were set forth herein at length.

38. Denied. Paragraph 38 contains legal conclusions to which no response is required. In the event a response is required, paragraph 38 is denied.

39. Denied. Paragraph 39 contains legal conclusions to which no response is required. In the event a response is required, paragraph 39 is denied.

40. Denied. Paragraph 40 contains legal conclusions to which no response is required. In the event a response is required, paragraph 40 is denied.

WHEREFORE, Defendant Allentown School District respectfully requests judgment in its favor and against the Plaintiff.

**PRAYER FOR RELIEF**

41. Defendant incorporates by reference its answer to paragraphs 1 through 40, inclusive, as fully as though the same were set forth herein at length.

WHEREFORE, Defendant Allentown School District respectfully requests judgment in its favor and against the Plaintiff.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Plaintiff's complaint fails to state a cause of action against Defendant ASD under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, et seq.

Second Affirmative Defense

Plaintiff's complaint fails to state a cause of action against Defendant ASD under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq.

Third Affirmative Defense

Plaintiff fails to state a claims upon which damages for pain and suffering, medical bills, inconvenience, mental anguish, loss of "employment of life" and other nonpecuniary losses can be granted.

Fourth Affirmative Defense

Plaintiff fails to state claims upon which front pay, wages, benefits, emoluments of employment lost, pre and post judgment interest, costs of suit, attorney and expert witness fees can be granted.

Fifth Affirmative Defense

Plaintiff voluntarily resigned from his position to take a position with another employer.

Sixth Affirmative Defense

Plaintiff's race was not a motivating factor in the employment decisions complained of in Plaintiff's complaint.

Seventh Affirmative Defense

Public school districts are considered municipal entities within the rule that punitive damages are not recoverable against municipalities or municipal subdivisions under federal law, and thus there can be no recovery of punitive damages against a school district. Education Amendments of 1972, §901 *et seq.*, 20 U.S.C.A. §1681 *et seq.*

Eighth Affirmative Defense

All claims of employment discrimination occurring prior to 180 days before the filing of Plaintiff's administrative complaint are barred as a matter of law.

WHEREFORE, Defendant Allentown School District respectfully requests judgment in its favor and against the Plaintiff.

KING, SPRY, HERMAN, FREUND & FAUL

/s/ John E. Freund, III
John E. Freund, III, Esquire
One West Broad Street, Suite 700
Bethlehem, PA 18018
610.332.0390
ID No. 25390

F:\Users\KingSpry Clients\A\ALLENTOWN SCHOOL DISTRICT\THOMPSON, J-FED\ANSWR-FED.wpd